UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                         Criminal Case No. 23-cr-20676
                                                           Hon. Thomas L. Ludington

BRIAN BARTLETT,

        Defendant.
_____/

**MOTION TO IDENTIFY ALTERNATE JURORS**

NOW COMES Brian Bartlett, by and through his attorneys, Mark J. Kriger and James Amberg, and respectfully moves this Honorable Court to enter an order that the alternate jurors be identified and seated in specified seats in the jury box, and in support thereof states as follows:

1. At the status conference held on February 25, 2025, this court indicated that the alternate jurors would be randomly selected at the time the jury is to begin deliberations.

2. Rule 24(c)(4) of the Federal Rules of Criminal Procedure and the case law interpreting the rule states that the alternates will be identified and known to the parties and seated in specified seats in the jury box.[1]

3. For the reasons stated in the accompanying memorandum, this court should identify the alternates rather than selecting the alternates by random draw.

4. Pursuant to Local Rule 7.1, undersigned counsel sought concurrence from the Government and the Government does not object to the relief requested in the motion.

Wherefore, defendant respectfully prays that the alternates be separately identified and seated in specified seats in the jury box as required by Rule 24(c)(4) of the Federal Rules of Criminal Procedure.

                           Respectfully submitted,

By:   MARK J. KRIGER
       ATTORNEY FOR DEFENDANT BRIAN BARTLETT
       LARENE & KRIGER, P.L.C.
       500 Griswold Street, Suite 2400
       Detroit, Michigan 48226
       (313) 967-0100
       E-Mail: mkriger@sbcglobal.net

DATED: February 28, 2025

---

[1] Of course, the alternate jurors will not be told that they are alternates.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                         Criminal Case No. 23-cr-20676
                                              Hon. Thomas L. Ludington

BRIAN BARTLETT,

        Defendant.
_____/

**MEMORANDUM IN SUPPORT OF
MOTION TO IDENTIFY ALTERNATE JURORS**

In the course of the status conference held on February 25, 2025, the Court indicated that the alternate jurors would be randomly selected at the time the jury is to begin deliberations. Defendant Brian Bartlett respectfully requests that the alternate jurors be identified at the time the jury is selected as required by Rule 24(c)(4) of the Federal Rules of Criminal Procedure.

Rule 24(c)(4) of the Federal Rules of Criminal Procedure provides that "[e]ach side is entitled to" additional peremptory challenges to prospective alternate jurors, which "may be used only to remove alternate jurors." This procedure, of course, assumes that the alternates will be identified and seated in specified seats in the jury

box.[2] The Court, however, indicated that it was not inclined to follow this course of action, but instead would seat the jurors as a unit and choose alternates by random draw when the time for deliberations arrives.

A number of appellate courts have criticized this methodology as being inconsistent with a trial court's duty to adhere to the Rules of Criminal Procedure. Thus, for example, in *United States v. Foster,* 652 F.3d 776, 781 (7th Cir. 2011), a case involving the same procedure as envisioned by the Court, the Seventh Circuit wrote: "Although a district court has substantial discretion regarding how it conducts the jury selection process, compliance with the explicit requirements of Rule 24 is not a matter entrusted to the court's discretion."

Similarly, in *United States v. Delgado*, 350 F.3d 520, 526 (6th Cir. 2003), the Sixth Circuit wrote: "we do not condone departures from the literal requirements of Rule 24(c). The rule represents a national consensus of bench and bar and ought not to be disturbed," (citation and internal quotation marks omitted), and while declining to find reversible error, criticized the method of seating and selecting alternate jurors envisioned by the Court:

> [Rule 24(c)], as we read it, assumes that alternate jurors will be designated separately-and sequentially-before the trial begins. The

---

[2] Typically, the alternates are seated in seats 13-14 or 13-16 depending on the number of alternates the Court deems necessary.

> district court's selection of alternates by random draw just prior to jury deliberations was inconsistent with the rule. *See, e.g., United States v. Brewer*, 199 F.3d 1283, 1286-87 (11th Cir.2000); *United States v. Love*, 134 F.3d 595, 601 (4th Cir.), *cert. denied,* 524 U.S. 932, 118 S.Ct. 2332, 141 L.Ed.2d 705 (1998); and *United States v. Sivils*, 960 F.2d 587, 593-94 (6th Cir.), *cert. denied*, 506 U.S. 843, 113 S.Ct. 130 (1992), in which we characterized a random draw of alternates just before the jury retired to deliberate as a "departure from Rule 24(c)."
>
> Federal rules of procedure should not, of course, be disregarded by courts any more than by litigants. We "encourag[e] strict adherence" to Rule 24(c). *Sivils*, 960 F.2d at 594.

*Id.,* at 525 (footnotes omitted.

It is defendant's position that the procedure spelled out by Rule 24(c) should be followed rather than the one proposed by the Court.

        Respectfully submitted,

        MARK J. KRIGER
        ATTORNEY FOR DEFENDANT BRIAN BARTLETT
        LARENE & KRIGER, P.L.C.
        500 Griswold Street, Suite 2400
        Detroit, Michigan 48226
        (313) 967-0100
        E-Mail: mkriger@sbcglobal.net

DATED: February 28, 2025

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                         Criminal Case No. 23-cr-20676
                                                          Hon. Thomas L. Ludington

BRIAN BARTLETT,

        Defendant.
_____/

**MEMORANDUM IN SUPPORT OF
MOTION TO IDENTIFY ALTERNATE JURORS**

In the course of the status conference held on February 25, 2025, the Court indicated that the alternate jurors would be randomly selected at the time the jury was to begin deliberations. Defendant Brian Bartlett respectfully requests that the alternate jurors be identified at the time the jury is selected as required by Rule 24(c)(4) of the Federal Rules of Criminal Procedure.

Rule 24(c)(4) of the Federal Rules of Criminal Procedure provides that "[e]ach side is entitled to" additional peremptory challenges to prospective alternate jurors, which "may be used only to remove alternate jurors." This procedure, of course,

4

assumes that the alternates will be identified and seated in specified seats in the jury box.[3] The Court, however, indicated that was not inclined to follow this course of action, but instead would seat the jurors as a unit and choose alternates by random draw when the time for deliberations arrives.

A number of appellate courts have criticized this methodology as being inconsistent with a trial court's duty to adhere to the Rules of Criminal Procedure. Thus, for example, in *United States v. Foster,* 652 F.3d 776, 781 (7th Cir. 2011), a case involving the same procedure as envisioned by the Court, the Seventh Circuit wrote: "Although a district court has substantial discretion regarding how it conducts the jury selection process, compliance with the explicit requirements of Rule 24 is not a matter entrusted to the court's discretion."

Similarly, in *United States v. Delgado*, 350 F.3d 520, 526 (6th Cir. 2003), the Sixth Circuit wrote: "we do not condone departures from the literal requirements of Rule 24(c). The rule represents a national consensus of bench and bar and ought not to be disturbed," (citation and internal quotation marks omitted), and while declining to find reversible error, criticized the method of seating and selecting alternate jurors envisioned by the Court:

---

[3] Typically, the alternates are seated in seats 13-14 or 13-16 depending on the number of alternates the Court deems necessary.

[Rule 24(c)], as we read it, assumes that alternate jurors will be designated separately-and sequentially-before the trial begins. The district court's selection of alternates by random draw just prior to jury deliberations was inconsistent with the rule. *See, e.g., United States v. Brewer*, 199 F.3d 1283, 1286-87 (11th Cir.2000); *United States v. Love*, 134 F.3d 595, 601 (4th Cir.), *cert. denied,* 524 U.S. 932, 118 S.Ct. 2332, 141 L.Ed.2d 705 (1998); and *United States v. Sivils*, 960 F.2d 587, 593-94 (6th Cir.), *cert. denied*, 506 U.S. 843, 113 S.Ct. 130 (1992), in which we characterized a random draw of alternates just before the jury retired to deliberate as a "departure from Rule 24(c)."

Federal rules of procedure should not, of course, be disregarded by courts any more than by litigants. We "encourag[e] strict adherence" to Rule 24(c). *Sivils*, 960 F.2d at 594.

*Id.,* at 525 (footnotes omitted.

It is defendant's position that the procedure spelled out by Rule 24(c) should be followed rather than the one proposed by the Court.

                        Respectfully submitted,

                        MARK J. KRIGER
                        ATTORNEY FOR DEFENDANT BRIAN BARTLETT
                        LARENE & KRIGER, P.L.C.
                        500 Griswold Street, Suite 2400
                        Detroit, Michigan  48226
                        (313) 967-0100
                        E-Mail: mkriger@sbcglobal.net

DATED: February 28, 2025

CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

                                                s/Mark J. Kriger
                                                LaRene & Kriger, P.L.C.
                                                2400 Griswold, Suite 2400
                                                Detroit, Michigan 48226
                                                (313) 967-0100
                                                E-mail: mkriger@sbcglobal.net