DRAFT 6/18/2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1 JEFFREY BARTLETT,
D-2 ANDREW SEMENCHUK,
D-3 ADAM BALL,
D-4 BRIAN BARTLETT, and
D-5 ANTHONY THELEN,

        Defendants.

_____/

Case No. 1:23-cr-20676

Honorable Thomas L. Ludington
United States District Judge

**JURY INSTRUCTIONS**

# TABLE OF CONTENTS

**I.   GENERAL INSTRUCTIONS** ............................................................................ **4**

   1.01   Introduction ................................................................................................ 4
   1.02   Juror Duties ............................................................................................... 4
   1.03   Presumption of Innocence, Burden of Proof, Reasonable Doubt ................. 5

**II.   EVALUATION OF EVIDENCE** .................................................................... **6**

   2.01   Evidence ..................................................................................................... 6
   2.02   Consideration of Evidence .......................................................................... 6
   2.03   Direct and Circumstantial Evidence ........................................................... 6
   2.04   Credibility of Witnesses ............................................................................. 7
   2.05   Number of Witnesses ................................................................................. 8
   2.06   Presentation of Witnesses/Exhibits ............................................................ 8
   2.07   Statement by a Defendant ........................................................................... 8
   2.08   Opinion Testimony ..................................................................................... 9
   2.09   Witnesses Testifying to Both Facts and Opinions ....................................... 9
   2.10   Impeachment by Prior Inconsistent Statement – IF APPLICABLE ............. 9
   2.11    Defendant's Election Not to Testify or Present Evidence – IF APPLICABLE ............. 9
   2.12    Defendant's Testimony – IF APPLICABLE ............................................. 10
   2.13   Coconspirator Statements Admissible Against Declarant Only – IF APPLICABLE .... 10
   2.14   Testimony of a Police Officer or Agent – IF APPLICABLE ....................... 10
   2.15   Testimony of an Accomplice – IF APPLICABLE ...................................... 10
   2.16   Transcriptions of Recordings – IF APPLICABLE ...................................... 10
   2.17   Evidence Summaries Admitted in Evidence – IF APPLICABLE ................. 11
   2.18   Discussion with a Witness – IF APPLICABLE .......................................... 11
   2.19   Lawyer's Objections ................................................................................. 11
   2.20   Conclusion to Evidence Consideration ..................................................... 11

**III.   SUBSTANTIVE INSTRUCTIONS** ............................................................ **13**

   3.01   Separate Consideration—Multiple Defendant Charged with the Same Crimes ............. 13
   3.02   On or About ............................................................................................. 13
   3.03   Use of the Word "And" in the Indictment ................................................. 13
   3.04   Conspiracy to Defraud the United States (Count II) ................................... 14
   3.05   Criminal Agreement (Counts I and II) ....................................................... 15
   3.06   Defendants' Connections to the Conspiracy (Counts I and II) .................... 16
   3.07   Unindicted, Unnamed, or Separately Tried Coconspirators (Counts I and II) ............. 16
   3.08   Wire Fraud (Counts III–XIV) ................................................................... 17
   3.09   Negligence or Carelessness is Not a Defense ............................................ 19
   3.10   Good Faith Defense .................................................................................. 19
   3.11   Inferring Required Mental State ................................................................ 20
   3.12   Deliberate Ignorance ................................................................................ 20
   3.13   Stipulations—IF APPLICABLE/TO BE UPDATED ................................. 20

**IV.  DELIBERATIONS AND CONCLUDING INSTRUCTIONS** ........................................ **22**

    4.01  Deliberations and Verdict ............................................................................. 22
    4.02  Research and Outside Communications ....................................................... 22
    4.03  Unanimous Verdict Required ...................................................................... 23
    4.04  Duty to Deliberate ....................................................................................... 23
    4.05  Punishment .................................................................................................. 24
    4.06  Verdict Form ................................................................................................ 24
    4.07  Verdict Limited to Charges Against the Defendants ................................... 24
    4.08  Juror Notes .................................................................................................. 24
    4.09  Court Has No Opinion ................................................................................. 25

## I.   GENERAL INSTRUCTIONS

### 1.01   Introduction

1. Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

2. I will start by explaining your duties and the general rules that apply in every criminal case.

3. Then I will explain the elements, or parts, of the crimes that Defendants are accused of committing.

4. Then I will explain some rules that you must follow in evaluating particular testimony and evidence.

5. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

6. Please listen carefully to everything I say.

7. I have given each of you a copy of these instructions for your use while deliberating. They are available to each of you. If you have questions about the law or your duties as jurors, then you should consult the instructions given to you.

### 1.02   Juror Duties

1. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during the course of this trial was meant to influence your decision about the facts in any way.

2. Your second duty is to take the law that I give you, to apply it to the facts, and to decide if the government has proved the defendants guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions I am now providing. All the instructions are important, and you should consider them as a whole, together.

3. The lawyers might talk about the law during their arguments. But if what they said is different from what I say, then you must follow what I say. What I say about the law controls.

4. Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you might feel toward one side or the other influence your decision in any way.

**1.03   Presumption of Innocence, Burden of Proof, Reasonable Doubt**

1.   As you know, each defendant has pleaded not guilty to the crimes charged in the operative second superseding indictment (the "indictment"). The indictment itself is not any evidence at all of guilt. It is just the formal way that the government tells the defendants what crimes they are accused of committing. It does not even raise any suspicion of guilt.

2.   Instead, each defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. The presumption of innocence stays with him, unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

3.   This means that the defendants have no obligation to present any evidence at all, or to prove to you in any way that they are innocent. The government must prove that each defendant is guilty, and this burden stays on the government from start to finish. You must find each defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

4.   The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

5.   Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your lives. If you are convinced that the government has proved each defendant guilty beyond a reasonable doubt, then say so by returning a guilty verdict. But if you are not convinced, then say so by returning a not-guilty verdict.

## II.   EVALUATION OF EVIDENCE

**2.01   Evidence**

1.  You must base your decision on only the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

2.  The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.

3.  Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

4.  During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all those things. Do not even think about them. Do not speculate about what a witness might have said. Those things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

5.  Make your decision based on only the evidence, as I have defined it here, and nothing else.

**2.02   Consideration of Evidence**

1.  You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events and give it whatever weight you believe it deserves.   If your experience tells you that certain evidence reasonably leads to a conclusion, then you are free to reach that conclusion.

2.  In our lives, we often look at one fact and conclude from it that another fact exists. In law, we call this an "inference." A jury may make reasonable inferences, unless otherwise instructed. Any inferences that you make must be reasonable and based on the evidence in the case.

3.  The existence of an inference does not change or shift the burden of proof from the government to the defendant.

**2.03   Direct and Circumstantial Evidence**

1.  Some of you might have heard the terms "direct evidence" and "circumstantial evidence."

2. Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside and you believed him, then that would be direct evidence that it was raining.

3. Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. For example, if someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, then that would be circumstantial evidence from which you could conclude that it was raining.

4. It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one and does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## 2.04   Credibility of Witnesses

1. Another part of your job as jurors is to decide how credible or believable each witness was. That is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

2. Let me suggest to you some things to consider in evaluating each witness's testimony.

   A. Ask yourself if the witness was able to clearly see or hear the events. Sometimes, even an honest witness might not have been able to see or hear what was happening and might make a mistake.

   B. Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

   C. Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or to remember the events.

   D. Ask yourself how the witness acted while testifying. Did the witness appear to be honest? Or did the witness appear to be lying?

   E. Ask yourself if the witness had any relationship to the government or any of the defendants, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

   F. Ask yourself if the witness testified inconsistently while on the stand, or if the witness said or did something, or failed to say or do something at any time, that is inconsistent with what the witness said while testifying. If you believe that the

witness was inconsistent, then ask yourself if this makes the witness's testimony less believable. Sometimes it might; others, it might not. Consider whether the inconsistency was about something important or about some unimportant detail. Ask yourself if it seemed like an innocent mistake or if it seemed deliberate.

G. And ask yourself how believable the witness's testimony was in light of all of the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, then remember that people sometimes forget things, and that even two honest people who witness the same event might not describe it exactly the same way.

3. These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you believe it deserves.

## 2.05   Number of Witnesses

1. Another point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. It does not.

2. Do not make any decisions based on only the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not on the numbers.

## 2.06   Presentation of Witnesses/Exhibits

1. The law does not require any party to call as witnesses all people who might have been present at any time or place involved in the case, or who might appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence during the course of the case.

## 2.07   Statement by a Defendant

1. You have heard evidence that a defendant made a statement in which the government claims he admitted certain facts. It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

2. You may not convict a defendant solely upon his own uncorroborated statement or admission.

**2.08   Opinion Testimony**

1. You have heard the testimony from [name of witnesses], who testified as opinion witnesses.

2. You do not have to accept a witness's opinions. In deciding how much weight to give it, you should consider the witness's qualifications and how they reached their conclusions. Also, consider the other factors discussed in these instructions for weighing the credibility of witnesses.

3. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**2.09   Witnesses Testifying to Both Facts and Opinions**

1. You have heard the testimony of [name of witnesses], who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

2. As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

3. As to the testimony on opinions, you do not have to accept [name of witnesses]'s opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions, along with the other factors discussed in these instructions for weighing the credibility of witnesses.

4. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**2.10   Impeachment by Prior Inconsistent Statement – IF APPLICABLE**

1. You have heard the testimony of [name of witness]. You have also heard that before this trial, he made a statement that may be different from his testimony here in court.

2. This earlier statement was brought to your attention only to help you decide how believable his testimony was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his testimony here in court.

**2.11   Defendant's Election Not to Testify or Present Evidence – IF APPLICABLE**

1. Each defendant has an absolute right not to testify or to present evidence. The fact that a defendant did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

2. Remember that it is up to the government to prove that each defendant is guilty beyond a reasonable doubt. It is not up to each defendant to prove that he is innocent.

**2.12   Defendant's Testimony – IF APPLICABLE**

1. You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

2. You should consider those same things in evaluating the defendant's testimony. And each defendant's testimony may be considered when determining whether the government has proven any charge against that defendant beyond a reasonable doubt.

**2.13   Coconspirator Statements Admissible Against Declarant Only – IF APPLICABLE**

1. You have heard testimony from law enforcement agents that [name defendants who gave interviews] were interviewed and provided a statement.

2. It is critical that you only consider this testimony against the defendant who gave the statement in deciding whether the government has proved that defendant guilty. You cannot consider it in any way against any of the other defendants.

**2.14   Testimony of a Police Officer or Agent – IF APPLICABLE**

You have heard testimony from witnesses who are police officers or agents. Their testimony is to be judged by the same standards you use to evaluate the testimony of any other witnesses. You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

**2.15   Testimony of an Accomplice – IF APPLICABLE**

1. You have heard the testimony of [name of witness]. You have also heard that he was involved in the same crime that the defendant is charged with committing. You should consider his/her testimony with more caution than the testimony of other witnesses.

2. Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

**2.16   Transcriptions of Recordings - IF APPLICABLE**

1. You have heard some recorded conversations that were received in evidence, and you were given some written transcripts of the recordings.

2. Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read.

And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

**2.17   Evidence Summaries Admitted in Evidence – IF APPLICABLE**

1.   During the trial, you have seen or heard summary evidence in the form of a chart, drawing, calculation, testimony, PowerPoint presentation, or similar material. This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

2.   But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

**2.18   Discussion with a Witness – IF APPLICABLE**

It has been brought out that an attorney has talked with a witness. There is nothing wrong with an attorney or agent talking with a witness for the purpose of learning what the witness knows about the case and what testimony the witness will give. It is proper for an attorney to interview any witness in preparation for trial.

**2.19   Lawyer's Objections**

1.   There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

2.   The lawyers for both sides objected to some of the things that were said or done during the course of the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

3.   And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, and not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**2.20   Conclusion to Evidence Consideration**

1.   That concludes the part of my instructions explaining your duties and the general rules concerning the consideration of evidence. In a moment, I will explain the elements of the crimes that defendants are accused of committing.

2.   But before I do that, I want to emphasize that defendants are only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

3.   Also keep in mind that whether anyone else should be prosecuted or convicted for this

crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved each defendant guilty. Do not let the possible guilt of others influence your decision in any way.

# III. SUBSTANTIVE INSTRUCTIONS

## 3.01 Separate Consideration—Multiple Defendant Charged with the Same Crimes

1. The defendants have all been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

2. Your decision on any one defendant or charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

## 3.02 On or About

1. Next, I want to say a word about the dates mentioned in the indictment.

2. The indictment charges that the crimes happened from "on or about" certain dates. The government does not have to prove that the crimes happened on those exact dates. But the government must prove that the crimes happened reasonably close to those dates.

## 3.03 Use of the Word "And" in the Indictment

Although the indictment charges that statutes were violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

## 3.04 Overview of Charges

1. I am about to read the substantive instructions and elements for each crime alleged in the indictment. Each defendant is charged with one count of conspiracy to commit wire fraud, one count of conspiracy to defraud the United States, and twelve counts of wire fraud.

2. I will first outline the elements of each conspiracy charge. I will then explain several legal terms used throughout these conspiracy charges. I will then turn to instruct you on the twelve substantive wire fraud charges.

## 3.05 Conspiracy to Commit Wire Fraud (Count I)

1. Count I of the indictment accuses the defendants of conspiracy to commit the crime of wire fraud in violation of federal law. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

2. A conspiracy is a kind of criminal partnership. For you to find any one of the defendants

guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

A.  First, that two or more persons conspired, or agreed, to commit the crime of wire fraud. The elements of this offense are listed and explained in Instruction 3.10, which I will read to you soon.

B.  Second, that the defendant knew of the conspiracy and its objects, aims, or goals;

C.  Third, that the defendant joined the conspiracy with the intent that at least one of the conspirators engage in conduct that satisfies the elements of wire fraud.

4.  Importantly, as explained, Defendants are charged with *both* one count of conspiracy to commit wire fraud and twelve substantive counts of wire fraud. These are entirely separate offenses. Participating in a conspiracy to commit a crime is a crime in itself, separate and distinct from the criminal objective of the conspiracy. In other words, you may find a defendant did not commit wire fraud, but nevertheless conspired to. And vice versa. You may find that a defendant committed wire fraud, but did not participate in a conspiracy to commit wire fraud. To find a defendant guilty of this conspiracy charge, the government must prove beyond a reasonable doubt that there was an agreement to commit wire fraud and that the defendant voluntarily joined the conspiracy. But the government need not prove, for the purposes of this charged conspiracy, that a defendant accomplished the goal of the conspiracy or otherwise committed wire fraud.

## 3.06  Conspiracy to Defraud the United States (Count II)

1.  Count II of the indictment accuses the defendants of a conspiracy to defraud the United States by dishonest means in violation of federal law. It is a crime for two or more persons to conspire, or agree, to defraud the United States, even if they never actually achieve their goal.

2.  A conspiracy is a kind of criminal partnership. For you to find any one of the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

A.  First, that two or more persons conspired, or agreed, to defraud the United States, or one of its agencies or departments, by dishonest means.

B.  Second, that the defendant knew of the conspiracy and its objects, aims, or goals.

C.  Third, that the defendant joined the conspiracy with the intent that at least one of conspirators engage in conduct that satisfies the elements of defrauding the United States.

D.  And fourth, that a member of the conspiracy did one of the overt acts described

in the indictment for the purpose of advancing or helping the conspiracy.

3. Now I will give you more detailed instructions on some of these terms.

    A. The word "defraud" is not limited to its ordinary meaning of cheating the government out of money or property. Instead, "defraud" may also mean impairing, obstructing, or defeating the lawful function of any governmental agency or department by dishonest means.

    B. The indictment lists several alleged "overt acts." Specifically, the Government alleges that:

        i. On April 13, 2013, as the defendants agreed and with intent to defraud, Andrew Semenchuk pretended to be a 50% owner of Surveying Solutions Inc. (SSI) and applied for disadvantaged business enterprise status for SSI;

        ii. On October 24, 2013, as the defendants agreed, Andrew Semenchuk and Jeffrey Bartlett signed MDOT "On-Site Visit" questionnaires falsely certifying that neither they nor any other member of SSI had an ownership interest in another firm; and

        iii. On February 17, 2015, the defendants, with intent to defraud, opened a bank account in the name of Southfield IT and listed Adam Ball as one of the signors. This account was used by the defendants to move illegally obtained funds back to themselves and their spouses from Southfield IT's bank account.

    The government does not need to prove that all these overt acts were committed, nor that any of these overt acts were themselves illegal. But the government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed to advance or help the conspiracy. This is essential.

4. The government need not prove that the defendants intended to directly commit the fraud themselves. Proof that they intended to use a third party as a go-between will suffice. But the government must prove that the United States or one of its agencies or departments was the ultimate target of the conspiracy, and that the defendants intended to defraud.

## 3.07  Criminal Agreement (Counts I and II)

1. As explained, the first element of both conspiracy charges requires proof of a criminal *agreement* between at least two persons.

2. This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people

simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

3. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of commit the crime of wire fraud (in Count I) and to defraud the United States (in Count II). This is essential.

4. An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

**3.08   Defendants' Connections to the Conspiracy (Counts I and II)**

1. Proof of conspiracy, as alleged in Counts I and II, does not require that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough. But you must consider each defendant separately in this regard. In other words, to find a defendant guilty of the conspiracies charged in both Counts I and II, the government must prove beyond a reasonable doubt that *that specific defendant*—as opposed to his codefendants—was sufficiently connected to the conspiracy.

2. But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

3. A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew of the conspiracy and its objects, aims, or goals. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

**3.09   Unindicted, Unnamed, or Separately Tried Coconspirators (Counts I and II)**

Now, some of the people who may have been involved in the charged conspiracies are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

### 3.10   Wire Fraud (Counts III–XIV)

1. Counts III through XIV of the indictment charge each defendant with wire fraud. For you to find each defendant guilty of wire fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

   A. First, that the defendant knowingly participated in, devised, or intended to devise a scheme to defraud in order to deprive another of money or property, that is inflated and created SSI's labor and rental expenses to obtain additional reimbursement from the Michigan Department of Transportation (MDOT) that Defendants were otherwise unentitled to.

   B. Second, that the scheme included a material misrepresentation or concealment of a material fact;

   C. Third, that the defendant had the intent to defraud; and

   D. Fourth, that the defendant used wire, radio or television communications, or caused another to use wire, radio or television communications, in interstate commerce in furtherance of the scheme.

2. Now I will give you more detailed instructions on some of these terms.

   A. As used in the first element, the term "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises. And "false or fraudulent pretenses, representations or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

   B. In determining whether a scheme to defraud exists, you can consider not only the defendant's words and statements, but also the circumstances in which they are used. Evidence that a scheme was reasonably calculated to deceive is sufficient to establish a scheme to defraud.

   C. A scheme to defraud does not require a net economic loss. Indeed, even if the victim is somehow made whole, a defendant commits wire fraud by inducing that victim— through false material representations or omissions—into parting with property or money that the victim would not have otherwise parted with.

   D. As used in the first element, an act is "knowingly" done if done voluntarily and not because of mistake or some other innocent reason.

   E. As used in the second element, a misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a

person of ordinary prudence and comprehension.

F.  As used in the third element, "intent to defraud" means to act with an intent to deceive or cheat for the purpose of depriving another of money or property.

G.  As used in the fourth element, one "causes" wire, radio or television communications to be used when acting with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

H.  As used in the fourth element, the term "interstate commerce" includes wire, radio or television.

I.  As used in the fourth element, a wire or interstate commerce communication "in furtherance of the scheme" may include communications designed to lull victims into a false sense of security or postpone or prevent investigations.

3.  To succeed on any wire fraud charge, the government does not need to prove:

A.  All of the details alleged concerning the precise nature and purpose of the scheme,

B.  That the material transmitted by wire, radio, or television communications was itself false or fraudulent,

C.  That the alleged scheme actually succeeded in defrauding anyone,

D.  That the use of the wire, radio, or television communications was intended as the specific or exclusive means of accomplishing the alleged fraud,

E.  That someone relied on the misrepresentation or false statement, nor

F.  That any defendant obtained money or property for his own benefit.

## 3.11 Aiding and Abetting (Counts III–XIV)

1.  Recall that the government pursues the wire fraud charges in Counts III–XIV under an "aiding and abetting" theory. So, for you to find a defendant guilty of wire fraud, it is not necessary for you to find that they personally committed the crime. You may also find them guilty if they intentionally helped or encouraged someone else—including a codefendant—to commit the crime.

2.  But for you to find a defendant guilty of wire fraud as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

A.  First, that the crime of wire fraud was committed.

B.  Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

C.  And third, that the defendant intended to help commit or encourage the crime.

3.  Proof that any defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find them guilty. You can consider this in deciding whether the government has proved that they were an aider and abettor, but without more, it is not enough.

4.  What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

5.  If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of wire fraud as an aider and abettor.

## 3.12   Negligence or Carelessness is Not a Defense

It is not a defense to any of these charges that other persons or entities could have done something to prevent the fraud, or that they somehow should have discovered the fraudulent representations with due diligence. In other words, it matters not that a victim, or other third party, may have been careless or gullible. If you find that the government has proved all of the elements of conspiracy and wire fraud beyond a reasonable doubt, it is not a defense that such a fraud might not have occurred if others had acted with greater care.

## 3.13   Good Faith Defense

1.  But, as the government agrees, it is a complete defense to all charges that a defendant acted in good faith. Indeed, good faith on the part of a defendant is, simply, inconsistent with an intent to defraud.

2.  A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under the charged statutes merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

3.  However, a defendant does not act in good faith if he knowingly makes false or fraudulent pretenses, representations, or promises to others—even if he honestly holds an opinion or belief.

4.  While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

5.  Importantly, no defendant has the burden of proving their good faith. Indeed, as explained, defendants do not have any obligation to prove anything in this case. It is

the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted in the absence of good faith or, in other words, with an intent to defraud.

6. If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, you must find the defendant not guilty.

## 3.14   Inferring Required Mental State

1. I want to explain something about proving a defendant's state of mind.

2. Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

3. But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

4. You may also consider the natural and probable results of any acts that the defendant knowingly did, or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## 3.15   Deliberate Ignorance

1. Next, I want to explain something about proving a defendant's knowledge.

2. No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that a defendant deliberately ignored a high probability that the main purpose of the conspiracies was to obtain money through fraud and material misrepresentations and omissions, then you may still find that he knew the aims or purpose of the conspiracy.

3. But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that the main purpose of the conspiracies was to obtain money through fraud and material misrepresentations and omissions, and that the defendant deliberately closed his eyes to what was obvious. Carelessness, negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict. This, of course, is all for you to decide.

## 3.16   Stipulations – <mark>IF APPLICABLE/TO BE UPDATED</mark>

1. The government and the defendant have agreed, or stipulated, to the following facts, which you must accept as proved:

   A. First, relevant to the wire fraud charged in Counts III–XIV, all agree that the defendants used, or caused to be used, wire communications that crossed a state

- 20 -

line in interstate commerce in furtherance of the scheme. Specifically, that each of the wire transfers of money as identified in Counts III-XIV crossed a state line in interstate commerce in furtherance of the scheme. So this element is satisfied in each of these twelve counts.

**3.17   Closing Arguments**

1. Shortly, we will hear the closing arguments of the attorneys. Please pay attention to the arguments, but remember that the closing arguments are not evidence. They are only intended to assist you in understanding the evidence and the theory of each party. You must base your decision only on the evidence.

## IV.   DELIBERATIONS AND CONCLUDING INSTRUCTIONS

### 4.01   Deliberations and Verdict

1. Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

2. The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

3. Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

4. I will send the exhibits into the jury room when it is time for you to begin your deliberations.

5. One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

### 4.02   Research and Outside Communications

1. Remember that you must make your decision based only on the evidence that you saw and heard here in court.

2. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, Twitter (X), Instagram, WhatsApp, TikTok, Snapchat or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me if you become aware of another juror's violation of these instructions.

3. You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented

in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. Even using your smartphones, tablets, and computers—and the news and social media apps on those devices—may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

## 4.03   Unanimous Verdict Required

1.  Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

2.  To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

3.  To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

4.  Either way, guilty or not guilty, your verdict must be unanimous [as to each count].

## 4.04   Duty to Deliberate

1.  Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

2.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach a unanimous agreement, but only if you can do so honestly and in good conscience.

3.  No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

4.  Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

**4.05   Punishment**

1. If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

2. Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

3. Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt

**4.06   Verdict Forms**

1. I have prepared five identical verdict forms that you should use to record your verdict. Each form corresponds to a separate defendant. You have all been provided with extra copies of each form, and master copies will be provided in a separate folder for use by the elected foreperson.

2. If you decide that the government has proved a charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on that defendant's form. If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign and date the forms and return them to me in court through a judicial officer.

**4.07   Verdict Limited to Charges Against the Defendants**

1. Remember that defendants are only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

2. Also, remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved each named defendant guilty. Do not let the possible guilt of others influence your decision in any way.

**4.08   Juror Notes**

1. Remember that if you elected to take notes during the course of the trial, then your notes may be used as only memory aids. You may not give your notes greater weight than your independent recollection of the evidence. You must rely upon your own independent recollection of the evidence or lack of evidence, and you may not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

2.   Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## 4.09   Court Has No Opinion

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during the course of this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.